IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-133-FL

| | |
|---|---|
| OWEN CREQUE, | ) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM AND RECOMMENDATION** |
| ACCU-FAB and JIM SHEREER, | ) |
| Defendants. | ) |

Plaintiff has filed an application to proceed *in forma pauperis*. He has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et* seq., asserting that his employment was improperly terminated by Defendants due to "a past lawsuit the company Accu-Fab knew about" (DE 1-1, pg. 3-4). He does not otherwise allege that he was discriminated against due to his race, religion, sex or national origin (DE 1-1, pg. 3-4). Thus, it appears Plaintiff is alleging a retaliation claim. Specifically, Title VII prohibits an employer from retaliating against a worker for either participating in a Title VII proceeding or opposing an employer's discriminatory practices. *See* 42 U.S.C.A. § 2000e-3(a). However,

Plaintiff's factual allegations are insufficient to support this claim.

Neither the body of the Complaint nor the attached exhibits precisely describe the "past lawsuit" which led to Plaintiff's termination. Rather, the attached exhibits describe various frustrations Plaintiff encountered in the work place. For example, on February 14, 2011, Plaintiff complained to his employer that was frustrated because, among other things: 1) tools break or are misplaced; 2) his table was bumped by a forklift; 3) he was too hot because he worked in the paint department during the summer near ovens; and 4) he was overworked (DE 1-6). Likewise, Plaintiff asserts that "someone" from his workplace put "something . . . in his drink" which caused him to experience cramps and blood in his stool. *Id.* Although it is not entirely clear, it appears that Plaintiff was discharged for making this accusation (DE-1-7). In addition, Plaintiff underwent a colonoscopy on March 16, 2011 (DE 1-5, pg. 1). Apparently, Plaintiff believes that the procedure was performed negligently and that "[Defendants] all played a part in the damage that has been done to me." *Id.* at 8. In addition, Plaintiff contends that two co-workers "coughed directly in . . . [his] face to try to provoke . . . [him] to fight them" (DE 1-7, pg. 6). There is no indication, however, that his employers were aware of this provocation.

First, the undersigned finds that Plaintiff's claims are too disjointed and conclusory to support a claim. Thus, the instant complaint lacks any arguable basis in fact. With regard to retaliatory employment actions, the Fourth Circuit provides a three-part test for establishing a prima facie case. The plaintiff must prove: (1) that he engaged in protected activity; (2) that the defendant took adverse action against him; and (3) that a causal connection exists between his protected activity and the adverse action. <u>Hopkins v. Baltimore Gas & Elec. Co.</u>, 77 F.3d 745, 754 (4th Cir.), *cert. denied*, 519 U.S. 818 (1996). Plaintiff's allegations fail to meet this standard. Thus, his complaint also lacks any arguable basis in law.

Accordingly, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in*

*forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, March 28, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE