IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-133-FL

| | | |
|---|---|---|
| OWEN CREQUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ACCU-FAB and JIM SHEREER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on *pro se* plaintiff's motion for leave to proceed *in forma pauperis* (DE # 1). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, but recommends that the court dismiss plaintiff's complaint for failure to state a claim. Plaintiff timely filed response to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court declines to adopt the recommendation of the magistrate judge and grants plaintiff's motion for leave to proceed *in forma pauperis*.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc.

Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Plaintiff timely filed response to the M&R, addressing the specific grounds upon which the magistrate judge recommended dismissing his complaint. Thus, the court reviews the M&R *de novo*.

The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, the court adopts the recommendation of the magistrate judge and GRANTS plaintiff's application to proceed *in forma pauperis*.

Nonetheless, the magistrate judge, having determined that plaintiff alleged no factual allegations to support the claims set forth in his complaint, recommends that the complaint be dismissed for failure to state a claim upon which relief may be granted. Plaintiff responded to the M&R with a filing that attempts to set out in somewhat greater detail the factual basis of plaintiff's retaliation claim. Guided by the liberal construction to be afforded filings by *pro se* litigants, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the court construes plaintiff's response as an amended complaint, and the court will thus consider both the original complaint and plaintiff's response to the M&R in conducting this *de novo* review.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atlantic

2

Case 5:11-cv-00133-FL   Document 5   Filed 04/11/11   Page 2 of 4

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 557). A *pro se* complaint in a proceeding *in forma pauperis* must be construed liberally and held to less stringent standards than complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). In reviewing a complaint under 28 U.S.C. § 1915(e)(2)(B), the court must accept all well-plead allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)).

Plaintiff brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging that defendants improperly terminated his employment because they knew about a past discrimination lawsuit plaintiff filed against a former employer. At the outset, plaintiff's complaint is difficult to understand. Plaintiff alleges that the police have pursued him because of his lawsuit. He also attaches various medical records involving a colonoscopy. The magistrate judge recommends dismissal of the complaint because "[n]either the body of the Complaint nor the attached exhibits precisely describe the 'past lawsuit' which led to Plaintiff's termination." (M&R 2.) Plaintiff's response to the M&R attaches various documents that demonstrate he filed a charge with the Equal Employment Opportunity Commission ("EEOC") in 2009 against his former employer HD Supply, and received a notice of right to sue on March 16, 2009. (Pl.'s Resp. 10.)

To succeed on a retaliation claim, a plaintiff must prove that (1) he engaged in a protected activity, (2) the employer acted adversely against him, and (3) there was a causal connection between

3

the protected activity and the asserted adverse action. Hoyle v. Freightliner LLC, __ F.3d __, 2011 WL 1206658 at *11 (4th Cir. 2011) (citing Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir.2007)). If a plaintiff puts forth sufficient evidence to establish a *prima facie* case of retaliation and a defendant offers a non-discriminatory explanation, plaintiff bears the burden of establishing that the employer's proffered explanation is pretext. Id. As the magistrate judge noted, participating in a Title VII proceeding is protected activity. See 42 U.S.C. § 2000e-3(a).

Construing plaintiff's complaint liberally, the court finds plaintiff has pled facts that, taken as true, would entitle him to relief. He engaged in protected activity in filing the lawsuit against HD Supply, he suffered adverse employment action when defendants terminated his employment, and he alleges in his complaint that a fellow employee told plaintiff that defendant Shereer did not want plaintiff working because of plaintiff's lawsuit. (Compl. 11.) Accordingly, the court finds that plaintiff may go forward with his retaliation claim.

For the foregoing reasons, the court GRANTS plaintiff's motion to proceed *in forma pauperis* (DE #1). The Clerk is DIRECTED to file plaintiff's complaint and plaintiff's response to the M&R, which the court has construed as an amendment to complaint, as well as issue summons for service. The United States Marshal is DIRECTED to serve the summons and a copy of the complaint and plaintiff's response to the M&R on defendants.

SO ORDERED, this the 11th day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4

Case 5:11-cv-00133-FL   Document 5   Filed 04/11/11   Page 4 of 4