IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-133-FL

| | | |
|---|---|---|
| OWEN CREQUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ACCU-FAB, INC. and JIM SHEREER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court upon the motion of defendant Accu-Fab, Inc. ("Accu-Fab") to dismiss plaintiff's complaint or, in the alternative, for summary judgment (DE # 20).[1] Plaintiff timely responded in opposition, and the issues raised now are ripe for adjudication. For the reasons that follow, Accu-Fab's motion to dismiss is DENIED.

## BACKGROUND

On March 24, 2011, *pro se* plaintiff filed a motion seeking leave to proceed *in forma pauperis* in this action alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. The court permitted plaintiff to proceed with his claim, construing a subsequent filing as an amended complaint providing factual support. The record shows that defendant Jim Shereer ("Shereer") was never served. Accu-Fab was served by the U.S. Marshals Service via certified mail on May 12, 2011. After receiving an extension of time, it answered the amended complaint on July 5, 2011.

---

[1] This defendant asserts that it was incorrectly named as "Accu-Fab" as opposed to "Accu-Fab, Inc." in the complaint. For the reasons set forth below, this minor error does not provide grounds for dismissal. It does, however, provide good cause to amend the case caption. The Clerk is directed to do so.

Also on July 5, 2011, Accu-Fab filed the instant motion to dismiss or, in the alternative, for summary judgment. Accu-Fab argues that plaintiff has not exhausted his administrative remedies and that the complaint should be dismissed pursuant to Rule 12(b)(4) for insufficient process. In responses dated July 11, 2011, and July 26, 2011 – the later of which was incorrectly captioned "Initial Order Regarding Planning and Scheduling" – plaintiff asserts that he has exhausted his administrative remedies, attaching a right-to-sue letter for Equal Employment Opportunity ("EEOC") Charge No. 433-2011-01366 ("the Third EEOC Charge") dated July 8, 2011. An earlier right-to-sue letter for EEOC Charge No. 433-2011-00440 ("the Second EEOC Charge") dated March 18, 2011, was attached to Accu-Fab's motion to dismiss. Both of these charges deal with retaliation for filing EEOC Charge No. 433-2010-03150 ("the First EEOC Charge"), which was withdrawn by plaintiff in 2010.

Plaintiff's complaint and amended complaint appear to refer only to the Second EEOC Charge. See Compl. ¶¶ 10, 11. In that charge, plaintiff asserts that, in retaliation for filing the First EEOC Charge, (1) he was transferred to a less desirable position on October 4, 2010; (2) a co-worker harassed him by driving his forklift into a table where plaintiff was working on November 10, 2010; and (3) a number of his co-workers who had assisted him with transportation to work were transferred or fired in an attempt to make it more difficult for plaintiff to maintain his employment. Plaintiff attached his right-to-sue letter based on the Second EEOC Charge to the complaint.

## DISCUSSION

A. Motion to Dismiss for Insufficient Process

The court beings with Accu-Fab's motion to dismiss for insufficient process. Accu-Fab argues that it was misnamed in the complaint, which it contends is a "fatal defect" justifying

2

dismissal under Rule 12(b)(4). Specifically, Accu-Fab contends that its full legal name, as evidenced by the information on file with the North Carolina Department of the Secretary of State, is "Accu-Fab, Inc." In the complaint, plaintiff did not include the abbreviation "Inc." as part of Accu-Fab's name. Nevertheless, the court notes that "Accu-Fab, Inc." was listed as the addressee in the summons served by the Marshals Service.

Defendant's argument that this minor omission justifies dismissal is without merit under well-established Fourth Circuit law. "It has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999) (specifically noting that "[t]he lack of the abbreviation 'Inc.' [in the caption of the complaint] misled no one"). As long as the process "names [the defendant] in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." Id. (quoting United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947)).

Morrel is directly on point. There is no doubt that Accu-Fab, who is *correctly* named in the summons if not the complaint, knew that it was the entity being sued. The minor omission of the abbreviation "Inc." from its corporate name was in no way prejudicial, and Accu-Fab's motion to dismiss pursuant to Rule 12(b)(4) is DENIED. As previously noted, the caption in this case has been amended to read "Accu-Fab, Inc."

B.  Motion to Dismiss for Lack of Jurisdiction

The court next turns to Accu-Fab's motion to dismiss for failure to exhaust administrative remedies. Because "receipt of, or at least entitlement to, a right to sue letter is a jurisdictional

3

prerequisite that must be alleged in a plaintiff's complaint," see Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995), the court will address the motion under the rubric of Rule 12(b)(1). See, e.g., Huff v. Bd. of Governors of Univ. of N.C., 334 F. App'x 583, 584 n.* (4th Cir. 2009) (unpublished). Under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). Under Rule 12(b)(1), the court regards the allegations in the complaint as "mere evidence on the issue," and may consider evidence outside the pleadings. Id.

Accu-Fab argues that "[u]nless and until a right to sue letter has been issued for the [Third EEOC Charge], which is a continuation of [p]laintiff's previous charges, this [c]ourt does not have jurisdiction over [p]laintiff's Title VII claim." Mem. Supp. Mot. to Dismiss 3-4 (citing Jackson v. Blue Dolphin Commc'ns of N.C., LLC, 226 F.Supp. 2d 785 (W.D.N.C. 2002)). But Jackson makes no mention of multiple charges or of the need to continuously "update" the court with additional right-to-sue letters. Instead, the court in that case simply noted that "an individual must obtain a right-to-sue letter from the EEOC before brining a Title VII claim in federal court." See 226 F. Supp. 2d at 790 (citing Davis, 48 F.3d at 138).

Plaintiff has in fact obtained a right-to-sue letter with respect to the Second EEOC Charge, attaching it to his complaint. Since filing this lawsuit, plaintiff has also received a right-to-sue letter with respect to the Third EEOC Charge, which has been filed on the docket. Although plaintiff had not technically exhausted his Third EEOC Charge before filing suit, a plaintiff asserting a Title VII retaliation claim for filing an EEOC charge need not exhaust administrative remedies before filing suit in federal court. See Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992) ("All other circuits that have considered the issue have determined that a plaintiff may raise [a Title VII] retaliation claim

for the first time in federal court. On consideration, we find these rationales persuasive and adopt this position."). The Fourth Circuit noted that this rule was "the inevitable corollary of [the] 'generally accepted principle that the scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the [EEOC].'" Id. (quoting Hill v. Western Elec. Co., 672 F.2d 381, 390 n.6 (4th Cir. 1982)).

The logical implication of the Fourth Circuit's holding in Nealon is that any additional retaliation following the filing of plaintiff's Second EEOC Charge – including the allegations in his now-exhausted Third EEOC Charge and the additional allegations of termination (as opposed to mere reassignment and harassment) found in both the complaint and amended complaint – are properly the subject of the Title VII action now pending before this court. Under Nealon, the court does not lack jurisdiction over plaintiff's ongoing retaliation claim, and Accu-Fab's motion to dismiss under Rule 12(b)(1) is DENIED.

C.   Failure to Serve Shereer

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than one hundred and twenty (120) days have passed since the filing of plaintiff's amended complaint, and there has been no showing that defendant Shereer has been served with a summons and copy of the amended complaint. Accordingly, plaintiff is directed to show cause within twenty-one (21) days of date of entry of this order why his action against Shereer should not now be dismissed without prejudice.

5

## CONCLUSION

For the reasons set forth above, defendant Accu-Fab's motion to dismiss (DE # 20) is DENIED, and the caption of this case is amended to match the caption used in this order. Pursuant to Rule 4(m), plaintiff is ORDERED to show cause within twenty-one (21) days why his action against defendant Shereer should not be dismissed without prejudice.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

6