IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-133-FL

| | | |
|---|---|---|
| OWEN CREQUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ACCU-FAB, INC. and JIM SHEREER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court upon plaintiff's *pro se* motion to compel evidence (DE # 28). Defendant has not responded. The time for filing responses having passed, the motion is ripe for review. Also before the court is plaintiff's failure to serve defendant Jim Sheerer ("Sheerer"). For the following reasons, plaintiff's motion to compel evidence is denied without prejudice and defendant Sheerer is dismissed from this case.

## BACKGROUND

On March 24, 2011, *pro se* plaintiff filed a motion seeking leave to proceed *in forma pauperis* in this action alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. The court permitted plaintiff to proceed with his claim, construing a subsequent filing as an amended complaint providing factual support. Defendant Accu-Fab ("Accu-Fab") was served by the U.S. Marshals Service via certified mail on May 12, 2011. After receiving an extension of time, it answered the amended complaint on July 5, 2011.

Also on July 5, 2011, Accu-Fab filed motion to dismiss or, in the alternative, for summary judgment. On August 4, 2011, plaintiff filed motion to compel evidence, which motion is, in part,

the subject of this order. Defendants have not responded to the motion to compel. On August 18, 2011, the court denied Accu-Fab's motion to dismiss, or, in the alternative, for summary judgment. The court's order also noted that as of the date of entry, the record reflected that Sheerer had not been served. The court ordered plaintiff to show cause within twenty-one (21) days why his action against Sheerer should not be dismissed without prejudice for failure to serve.

On August 24, 2011, plaintiff responded to the court's order. Plaintiff reasserts his claims that he is being retaliated against for filing Equal Employment Opportunity Commission ("EEOC") charges against defendants. Plaintiff's response does not address his failure to serve Shereer. Plaintiff attaches various pages to his response that appear to be pages from the Human Resources department at Accu-Fab, and a notice of right to sue letter from the EEOC. Additionally, plaintiff attaches a proposed summons to Accu-Fab and Shereer. The date of the proposed summons is illegible. To date, the docket still does not reflect that Shereer has been served.

## DISCUSSION

A.  Failure to Serve Shereer

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than one hundred and twenty (120) days have passed since the filing of plaintiff's amended complaint, and there has been no showing that Shereer has been served with a summons and copy of the amended complaint.

Rule 4(e) of the Federal Rules of Civil Procedure provides the procedure required for serving an individual within a judicial district of the United States. An individual - other than a minor, an

2

incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States in the following ways:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

North Carolina law for serving summons is similar to the federal rules.

> (1) Natural Person.--Except as provided in subdivision (2) below, upon a natural person by one of the following:
>     a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>     b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>     c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>     d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>     e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

3

N.C. Gen. Stat. § 1A-1, Rule 4.

The court provided notice to plaintiff in its August 18, 2011, order, that plaintiff must demonstrate that Shereer has been served with summons and copy of the amended complaint or show cause for failure to serve. Plaintiff's response does neither. Plaintiff does not address his failure to serve Shereer, and the copy of the proposed summons with Shereer's name on it beside Accu-Fab is insufficient to show service. No summons appears on the docket as returned as to defendant Shereer. Even affording plaintiff more liberal treatment due to his *pro se* status, the court finds that Shereer must be dismissed for failure to serve within the 120 days required by rule 4(m). Accordingly, plaintiff's complaint against Shereer is dismissed without prejudice.

B.   Motion to Compel

Plaintiff's motion to compel evidence was filed prior to the entry of the court's case management order ("CMO"), which order will be entered contemporaneously with the instant order. The CMO provides a time line and procedure for discovery in this case. Since the CMO now governs the timetable for discovery and motions practice, plaintiff's motion to compel is denied without prejudice to renewal as premature. Reference is made to the CMO, which specifically governs the procedure for discovery.[1]

---

[1] The court notes, however, that plaintiff's motion to compel appears to request a DVD copy of an episode of the TV series, "The Good Wife" that is a "big part" of his lawsuit. (Mot. Compel 2.) Plaintiff contends that he cannot obtain a copy from online companies and cannot obtain the episode online due to problems with his access to the internet. While plaintiff's motion to compel is denied without prejudice to renewal the court advises *pro se* plaintiff that a motion to compel this material is unlikely to be granted due to lack of relevance to the subject matter involved in this action. See Fed. R. Civ. P. 26(b)(1); 37.

4

Case 5:11-cv-00133-FL   Document 32   Filed 10/20/11   Page 4 of 5

## CONCLUSION

For the reasons set forth above, plaintiff's motion to compel discovery (DE # 28) is DENIED without prejudice to renewal, and defendant Shereer is DISMISSED without prejudice.

SO ORDERED, this the 18th day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge